**Rose M. MELVIN, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 03428.**

United States District Court, D. Nebraska.

May 20, 1971.

Norman Denenberg, Omaha, Neb., for plaintiff.

William J. Tighe, Asst. U. S. Atty., for Dist. of Neb., Omaha, Neb., for defendant.

**MEMORANDUM OPINION AND ORDER**

DENNEY, District Judge.

This action was filed under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., by Rose M. Melvin, seeking to recover for injuries sustained in an automobile accident involving her auto and a United States Post Office Department mail truck operated by a postal employee. As such, the case was tried to the Court without a jury, solely on the issue of damages, the Government having admitted liability. From the evidence introduced, the Court finds the facts as follows:

1. On the 19th day of November, 1968, a Post Office truck driven by a postal employee collided into the rear end of a 1961 Chevrolet automobile driv-

en by plaintiff. At the point of impact, plaintiff's automobile was at a complete stop, and the truck was moving at a speed of five (5) to eight (8) miles per hour. The amount of damage to the plaintiff's automobile was $83.45.

2. As a result of the negligence of the postal employee, plaintiff suffered personal injuries, the more serious of which were a muscle sprain in the lower lumbar muscles on the left side of her back and a cervical sprain.

3. Plaintiff worked as a "senior clerk" in the directory department of Northwestern Bell Telephone Company at the date of the accident, but has, since that date, been promoted to the position of "clerical supervisor", a position where she is now responsible for some thirteen (13) subordinates.

4. As a result of the injuries sustained by plaintiff in the accident, she lost Four Hundred Six Dollars ($406.00) in wages and incurred Six Hundred Seventy-one and 85/100 Dollars ($671.85) in medical expenses.

5. On March 20, 1969, plaintiff filed her administrative claim as required by 28 U.S.C.A. § 2675, claiming the sum of Three Thousand Five Hundred Eighty-three and $45/100$ Dollars ($3,583.45) due her. No settlement was reached and plaintiff withdrew her claim and filed this action, claiming damages in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00).

6. With the exception of a flare-up in September of 1969, plaintiff's back condition has improved steadily. Testimony of the physician for the government, accepted as fact by this Court, established that plaintiff had a back more susceptible than most, due to a structural defect, to tiring and aches and pains as aging progressed. The Court finds no causal connection between the accident and the occasional pain plaintiff asserts occurs in her back when she works overtime or when the weather changes.

7. There was no evidence that plaintiff cannot engage in the heavy housework or recreational activities in which she engaged before the accident. She testified that she did not know whether she could perform these activities because she was afraid to try them, for fear of re-injuring her back.

8. The plaintiff suffered pain and mental anguish as a direct result of the accident and the Court determines that the pain and suffering which was a direct result of the injury has ceased.

Two questions are now before the Court. The first is the matter of the amount of damages sustained by plaintiff. The second is the motion of the defendant to reduce the *ad damnum* prayer to the amount of the administrative claim of March 20, 1969, i. e., Three Thousand Five Hundred Dollars ($3,-500.00), pursuant to 28 U.S.C.A. § 2675.

As a conclusion of law from the foregoing facts, the Court finds that plaintiff is entitled to judgment in the sum of One Thousand Dollars ($1,000.00) for past pain and suffering, the sum of Six Hundred Seventy-one and 85/100 Dollars ($671.85) for medical and related expenses, the sum of Four Hundred Six Dollars ($406.00) for loss of wages, and the sum of Eighty-three and 45/100 Dollars ($83.45) for damage to her automobile, and the costs of this action.

Having found that plaintiff is entitled to the sum of Two Thousand One Hundred Sixty-one and 30/100 Dollars ($2,161.30), the Court need not reach the question of whether plaintiff has brought forth evidence of a nature to satisfy 28 U.S.C.A. § 2675, limiting the amount which can be claimed in a suit under the Act, subsequent to withdrawal of the claim from the federal agency, to the amount of the original claim except in extraordinary circumstances.

Judgment will be entered contemporaneously with this Opinion.